JOURNAL ENTRY and OPINION
This is an appeal from an order of Judge Ann Mannen that imposed a fifteen-year agreed sentence upon Gene Sattiewhite following his plea of guilty to one charge of rape with a repeat violent offender specification. His plea and the agreed sentence foreclose appeal of the sentence itself, and the judge fully complied with Crim.R. 11 in accepting the plea. We affirm.
In January 2000, Sattiewhite was indicted on two counts of rape, by force or threat of force, of a female under the age of thirteen, in violation of R.C. 2907.02 and each count contained repeat violent offender and "notice of prior conviction" specifications, under R.C.2929.01(EE) and 2929.13(F), respectively. As a result he faced exposure to sentences of life in prison on the rape charges, plus an additional one to ten years under the repeat violent offender specifications. The notice of prior conviction for aggravated robbery would have constituted a fourth or fifth degree felony offense,[1] mandating the imposition of a prison term, should he be convicted of either rape[2] or a lesser-included offense thereunder. Sattiewhite was given full discovery, including a Bill of Particulars, and his written statement to the police that vaguely implicated him in some type of inappropriate sexual contact or conduct with his girlfriend's then twelve-year-old daughter.
On April 24, 2000, with the case set to go to trial, he pleaded guilty to one count of rape, with a repeat violent offender specification. The State and Sattiewhite's lawyer stipulated on the record that the plea was a negotiated agreement which included the following terms:
 *The State agreed to delete the language "by the use of force or threat of force" from the indictment, which operated to convert the charge from one mandating life in prison on conviction to a first-degree felony punishable by three to ten-years in prison, agreed to delete the "notice of prior conviction" specification from count 1 of the indictment, and agreed to dismiss count 2 of the indictment in total;
 *Sattiewhite agreed to a sentence of ten years in prison under the charge of rape in count 1 of the indictment, and agreed that a five year term of imprisonment, consecutive to the sentence imposed for rape, would be imposed pursuant to the repeat violent offender specification. He stipulated that the maximum prison term for his rape offense was appropriate, as was the imposition of the consecutive five-year term on the specification. He also stipulated to the finding that he was a sexual predator, as defined in R.C. 2950, and agreed to comply with the requirements imposed pursuant to that finding upon release from prison.
The judge discussed with Sattiewhite the constitutional rights he was waiving with his plea and obtained affirmative assent that he understood the charges against him, the possible penalties involved, the consequences of his plea, and the actual sentence which would be imposed pursuant to the plea agreement which had been discussed moments before, in open court, and accepted his plea of guilty to the agreed charges. She then imposed sentence according to the agreement, found him to be a sexual predator, advised him that he could be penalized with an additional prison term equal to half of his sentence for infractions committed while incarcerated, and notified him that, upon release from prison, he could be placed under post-release control for five years.
We address three of Sattiewhite's four assignments of error together.
I. THE RECORD DOES NOT SUPPORT A MAXIMUM SENTENCE.
II. THE RECORD DOES NOT SUPPORT A CONSECUTIVE SENTENCE.
 IV. THE RECORD IS INSUFFICIENT TO SUPPORT A FINDING THAT APPELLANT IS A REPEAT VIOLENT OFFENDER.
Under R.C. 2953.08(D), A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.* * *" A sentence is considered to be "authorized by law," if it is within the statutory range of possible sentences for the offense to which a defendant has plead guilty.[3]
Sattiewhite pleaded guilty to the offense of rape, defined in the amended indictment as sexual conduct with a person under the age of thirteen and, under, R.C. 2907.02(B), a first degree felony punishable by a prison sentence of three to ten years.[4] He also pleaded guilty to a repeat violent offender specification, and personally acknowledged on the record a conviction for aggravated robbery in 1989, for which he was on parole at the time of his arrest on these rape charges. A repeat violent offender specification carries with it the penalty of an extra one to ten years in prison, in addition to the prison term imposed for the underlying offense to which the specification is attached.[5] The prison terms imposed of ten years prison for rape and five years prison under the specification were authorized by law. There is no dispute that the sentences, and the fact that they were to be served consecutively, were recommended jointly by the defense and the prosecution, or that the judge imposed these sentences.
By entering guilty pleas to the count and specification, Sattiewhite avoided a trial on two counts of forcible rape of a child under age thirteen, with mandatory life prison sentences upon conviction, and an additional ten years in prison on each repeat violent offender specification if proven at trial. To hold that he may now challenge the propriety of the sentences to which he agreed would contradict both the plain language of R.C. 2953.08(D) and common sense. Sattiewhite's first, second and fourth assignments of error lack merit.
 III. APPELLANT'S PLEA WAS INVOLUNTARY DUE TO NONCOMPLIANCE WITH CRIMINAL RULE 11.
While R.C. 2953.08(D) forecloses review of the actual sentences imposed by the judge pursuant to an agreed sentence upon a plea of guilty, it is still proper for this court to review the judge's compliance with the dictates of Crim.R. 11(C), which governs the taking of guilty pleas.[6]
"Because grave consequences flow directly from entering a plea of guilty, a trial court must always ensure that a criminal defendant realizes what he is giving up by his course of action. The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.[7]"[8]
Crim.R. 11(C)(2) provides:
 In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
Sattiewhite complains, specifically, that the judge failed to explain to him in detail the offense and specification to which he pleaded guilty, other than generally asking him if he understood the offense and receiving his response in the affirmative. He also complains that she failed to explain that probation would not be a sentencing option, should he plead guilty under the terms of the agreement. These arguments are unpersuasive.
The colloquy between Sattiewhite and the judge prior to his pleas involved an explanation of the charges and the possible penalties which could and would be imposed upon a plea of guilty, and satisfied the requirements of Crim.R. 11(C)(2)(a) and (b). The judge complied with the provisions of Crim.R. 11(C)(2)(c) when she confirmed his knowledge of his right to jury trial, confrontation of witnesses and the availability of compulsory process; and articulated that, at trial, the State would be obliged to prove his guilt beyond a reasonable doubt and would not be able to comment on his failure to testify on his own behalf.
Within the larger context of the plea hearing during which the judge read the indictment and the prosecutor read into the record the exact details of the negotiated plea, Sattiewhite's contention that he did not understand the charges he faced is disingenuous. The record reveals an explicit understanding that Sattiewhite's offenses were non-probationable and that an agreed, fixed prison term would immediately follow. An explicit finding that probation may or may not be imposed would be superfluous. This assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, ADM. J. and FRANK D. CELEBREZZE, JR., J. CONCUR.
[1] See R.C. 2929.13(B).
[2] See R.C. 2929.13(F).
[3] State v. Stallard (Aug. 17, 2001), Huron App. No. H-01-013, unreported; State v. Gaddis (Aug. 2, 2001), Cuyahoga App. No. 78764, unreported; State v. Rogg (Mar. 13, 2001), Highland App. No. 00CA07, unreported; State v. Kimbrough (Mar. 2, 2000), Cuyahoga App. Nos. 75642, 75643, 75644, unreported.
[4] R.C. 2929.14(A)(1).
[5] R.C. 2929.14(D)(2)(b).
[6] State v. Henderson (Sep. 27, 1999), Warren App. No. CA99-01-002, unreported; State v. Griffin (Jul. 24, 1998), Hamilton App. Nos. C-970507, C-970527, unreported; See, also, State v. Stansell (Apr. 20, 2000), Cuyahoga App. 75889, unreported, wherein this court reviewed the knowing, intelligent and voluntary nature of the defendant's plea after declining to address error regarding the imposition of an agreed sentence, citing R.C. 2953.08(D).
[7] North Carolina v. Alford (1970), 400 U.S. 25, 31,91 S.Ct. 160, 164, 27 L.Ed.2d 162.
[8] State v. Griffin, supra.